UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHELLY-ANN SANGSTER,

    Plaintiff,

v.                                       Case No. 04-CV-74619-DT

HENRY FORD HEALTH SYSTEM,

    Defendant.
                                        /

### ORDER GRANTING DEFENDANT'S "MOTION FOR PARTIAL SUMMARY JUDGMENT"

Pending before the court is Defendant Henry Ford Health System's ("HFHS") "Motion for Partial Summary Judgment." Defendant's motion is unopposed and the court has determined that no hearing is required. E.D. Mich. LR 7.1(e)(2). For the reasons set forth below, the court will grant Defendant's motion.

### I. BACKGROUND

In her complaint, filed on December 7, 2004, Plaintiff Shelly-Ann Sangster alleges that Health Alliance Plan ("HAP"), a subsidiary of HFHS, "violated [her] civil rights based on race and disability during the hiring process set forth by HAP/HFHS." (Pl.'s Compl. at 3.) In her complaint, Plaintiff also claims that HFHS violated her civil rights based on race and disability during her employment. (*Id.* at 3-4.) In addition, Plaintiff avers that "Henry Ford Hospital violated [her] civil rights in equal pay." (*Id.* at 4.)

On March 18, 2005, Defendant filed its "Motion for Partial Summary Judgment." In its motion, Defendant asserts that Plaintiff failed to bring before the Equal

Employment Opportunity Commission ("EEOC") her claims that Defendant discriminated against her based on her race and disability in its hiring process, discriminated against her based on her disability during her employment, and discriminated against her based on sex relating to her wages, and she has therefore failed to exhaust her remedies. (Def.'s Mot. at ¶¶ 2-7.) Defendant further contends that Plaintiff's failure to exhaust her administrative remedies as to these claims requires that they be dismissed with prejudice because the court does not have subject matter jurisdiction over these claims. (*Id.* at 3.)

## II.  STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "Where the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record construed favorably to the non-moving party, do not raise a genuine issue of material fact for trial, entry of summary judgment is appropriate." *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The existence of some factual dispute, however, does not defeat a properly supported motion for summary judgment; the disputed factual issue must be material. *See id* at 252 ("The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the

plaintiff is entitled to a verdict-'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed.'"). A fact is "material" for purposes of summary judgment when proof of that fact would have the effect of establishing or refuting an essential element of the claim or a defense advanced by either party. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984).

In considering a motion for summary judgment, the court must view the facts and draw all reasonable inferences from the admissible evidence presented in a manner most favorable to the nonmoving party. *Dunigan v. Noble*, 390 F.3d 486,492 (6th Cir. 2004) ("we must determine 'not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it upon whom the *onus* of proof is imposed.'") The court does not weigh the evidence to determine the truth of the matter, but must determine if the evidence produced creates a genuine issue for trial. *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003).

### III. DISCUSSION

The timely filing of a charge of discrimination with the EEOC is generally a condition precedent for a Title VII lawsuit. 42 U.S.C. § 2000e-5 (e)(1); *Alexander v. Local 496, Laborers' Intern. Union,* 177 F.3d 394, 407 (6th Cir. 1999). If the alleged act of discrimination occurs in a "deferral state," in this case Michigan, which has enacted its own statutory scheme to redress employment discrimination, the plaintiff must file the charge within 300 days of the discriminatory act. *See id.*; 29 C.F.R. § 1601.13; *Lopez-Flores v. Gen. Motors Corp.*, No. 91-70104, 1992 WL 146651 *2 (June 26, 1992). Additionally, an employee cannot file a Title VII claim without obtaining a right to sue

letter and filing such suit within 90 days of receiving such letter. 42 U.S.C. § 2000e-5(f); *Parry v. Mohawk Motors of Mich.*, 236 F.3d 299, 309 (6th Cir. 2000); *Graham-Humphries v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000).

Plaintiff's EEOC charge provides in relevant part:

> I began working for the above named company on February 23, 2004 and was last employed as a Clinical Registered Nurse II. Since March 2004 through April 2004 I was written up for tardies, giving medications late[,] and not assessing a patient. On or about April 16, 2004 I was discharged for not meeting expectations. White nurses have done the same things, but were [sic] not disciplined or discharged. I believe that I was disciplined and discharged because of my race, black[,] in violation of Title VII of the Civil Rights Act of 1964, as amended.

(Def.'s Mot. at Ex. A.)

Plaintiff's EEOC charge alleges only that she was discriminated against on the basis of her race relating to her discipline and discharge. She did not present claims of race discrimination in Defendant's hiring process, sex discrimination claims relating to her pay, or any claims based on disability in the EEOC charge. (*Id.*) The general rule in the Sixth Circuit permits a Title VII plaintiff to file judicial claims limited to the EEOC or agency investigation or those claims "reasonably expected to grow from the charge of discrimination." *Weigel v. Baptist Hosp. of East Tenn.*, 302 F.3d 367, 380 (6th Cir. 2002) (quoting *EEOC v. Bailey Co.*, 563 F.2d 439, 446 (6th Cir. 1977)). The claims Plaintiff alleged in her complaint would not be reasonably expected to grow from the discrimination charge that Plaintiff filed with the EEOC.

Plaintiff has not responded to Defendant's motion and has failed to create an issue of fact as to whether she has exhausted these claims. Accordingly,

### IV.  CONCLUSION

IT IS ORDERED that Defendant's "Motion for Partial Summary Judgment" [Dkt. # 15] is GRANTED.

      S/Robert H. Cleland  
      ROBERT H. CLELAND  
      UNITED STATES DISTRICT JUDGE

Dated:  May 25, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 25, 2005, by electronic and/or ordinary mail.

      S/Lisa G. Teets  
      Case Manager and Deputy Clerk  
      (313) 234-5522