# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SHELLY-ANN SANGSTER,

    Plaintiff,

v.                                         Case No. 04-CV-74619-DT

HENRY FORD HOSPITAL,

    Defendant.

_____/

**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE**

On June 27, 2005, Plaintiff Shelly-Ann Sangster filed her "Motion to Dismiss Without Prejudice." Plaintiff moves the court to "dismiss [her] complaint in this case, without costs and attorneys fees to any party, pursuant to Fed. R. Civ. P. 41(a)(1) because Plaintiff lacks financial resources to prosecute this case." (Pl.'s Mot. at 1.) On June 28, 2005, Defendant Henry Ford Health System filed its response to Plaintiff's motion. In its response, Defendant objected in part to Plaintiff's motion, contending:

> [G]iven Plaintiff's notorious history of failing to cooperate with the discovery process, a dismissal without prejudice will simply provide Plaintiff an additional opportunity to abuse the process. . . . [A] dismissal without prejudice, coupled with Plaintiff's dubious litigation history, namely her repeated suits against former employers, almost certainly guarantees that this case will be re-filed, thereby allowing Plaintiff to unnecessarily waste the time of Defendant and . . . the [c]ourt.

(Def.'s Resp. at ¶¶ 5-6.) Defendant requests that the court dismiss the case based upon Defendant's own motion to dismiss, or at least condition Plaintiff's ability to re-file this case against Defendant on Defendant's ability to recover costs and fees thus far

fruitlessly expended in defending the case. The suitability of such costs and fees being shifted to Plaintiff is not fully briefed nor ripe for decision at this time in the pending case, nor it is obvious to the court that Plaintiff will inevitably seek to re-file this case. The one thing most clear to the court is that Plaintiff desires to dismiss the case now.

If Plaintiff later re-files the same claims against Defendant, the case will be (or at least should be) reassigned to this judge consistent with the Local Rules of this District. *See* E.D. Mich. LR 83.11(b). In the event of such a refiling, Defendant *will* be permitted to petition the court in an attempt to prove that Plaintiff should pay costs and fees wrongfully incurred by Defendant in the instant action thus far. Plaintiff would have a full opportunity to respond. If the court is convinced, appropriate orders can be entered such that Defendant will suffer no material economic or other prejudice.

IT IS ORDERED that Plaintiff's motion is GRANTED and that the instant case is DISMISSED WITHOUT PREJUDICE.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: June 30, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 30, 2005, by electronic and/or ordinary mail.

    S/Lisa G. Teets
Case Manager and Deputy Clerk
(313) 234-5522